**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**CHARLES R. LAMAR, JR.**

        **Petitioner,**

**v.**                                                   **CIVIL ACTION NO. 3:19-CV-108**
                                                         **(GROH)**

**SHAUN STRAUN,**

        **Respondent.**

## <u>REPORT AND RECOMMENDATION</u>

### I.     INTRODUCTION

This case was initiated on June 28, 2019, when the Petitioner filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  The Petitioner paid the $5.00 filing fee on July 26, 2019.  ECF No. 9.

Accordingly, this case is before the undersigned for a report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure (LR PL P) 2, <u>et seq</u>., and 28 U.S.C. §§ 1915(e) and 1915(A).

## II.   FACTUAL AND PROCEDURAL HISTORY

### A.   Petitioner's Conviction, Sentence and Direct Appeal[1]

Petitioner is currently a state prisoner incarcerated in Northern Correctional Facility in Moundsville, West Virginia.   On March 2, 2010, Petitioner was charged in Preston County, West Virginia Circuit Court in an indictment returned in case number 10-F-9, with two counts of first degree sexual assault and two counts of sexual abuse by a guardian, custodian, or person in a position of trust.

The indictment was based on facts from the spring of 2009, when Petitioner allegedly touched C.M.'s vagina on two occasions while she was seated on petitioner's lap in a chair in her home. C.M.'s parents were not home at the time. C.M., who is related to Petitioner by marriage, was nine-years-old; petitioner was in his early twenties.

The jury found petitioner guilty of one count of first degree sexual abuse in violation of West Virginia Code § 61-8B-7 (2010), and one count of sexual abuse by a guardian, custodian, or person in a position of trust in violation of West Virginia Code § 61-8D-5 (2010).  Petitioner was sentenced on October 11, 2011, to not less than five nor more than twenty-five years in prison for first degree sexual abuse and not less than ten nor more than twenty years in prison for sexual assault by a custodian. The sentences were ordered to run consecutively to one another.

---

[1]   The facts contained in Section I.A. are taken from two cases decided by the State of West Virginia Supreme Court of Appeals: the April 12, 2013, memorandum decision in docket number 11-1416, http://www.courtswv.gov/supreme-court/memo-decisions/spring2013/11-1416memo.pdf; and the March 6, 2019, memorandum decision in docket number 17-0824, http://www.courtswv.gov/supreme-court/memo-decisions/spring2019/17-0824memo.pdf.   Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

On appeal, petitioner raised three grounds: (1) that the State presented insufficient evidence to convict him of sexual abuse by a parent, guardian, or custodian because the State failed to prove beyond a reasonable doubt that petitioner was acting as C.M.'s custodian or babysitter at the time of the alleged abuse; (2) the circuit court erred by allowing the victim to testify outside of the witness box and by allowing the victim's guardian ad litem to sit within four feet of the victim while she testified; and (3) the trial court erred by not striking for cause a juror who admitted during voir dire that she had been a victim of sexual abuse at the age of eight or nine, thereby forcing Petitioner to use one of his preemptory strikes to remove that juror from the panel.

In a memorandum decision dated April 12, 2013, the West Virginia Supreme Court of Appeals affirmed Petitioner's conviction, and found that there was sufficient evidence to support the jury's verdicts of guilt.

### B.   Petitioner's State Habeas Petitions[2]

In Preston County, West Virginia, Circuit Court case number 16-C-166, filed September 19, 2016, Petitioner filed a pro se petition seeking habeas relief.  Preston County 16-C-166, Docket Number 1.  The petition was amended by counsel on April 18, 2017.  Preston County 16-C-166, Docket Number 12.  The amended petition alleged fifteen grounds for relief:

(1)      Denial of the right to a speedy trial;

(2)      Consecutive sentences for the same transaction;

(3)      Suppression of "helpful  evidence" by the prosecutor;

---

[2]  The facts contained in Section I.B. are taken from the docket of Preston County, West Virginia civil action number 16-C-166, and the March 6, 2019, Supreme Court of Appeals of West Virginia memorandum decision in docket number 17-0824, http://www.courtswv.gov/supreme-court/memo-decisions/spring2019/17-0824memo.pdf.

(4)     The State's knowing use of perjured testimony;

(5)     Information in presentence report is erroneous;

(6)     Ineffective assistance of counsel;

(7)     Non-disclosure of grand jury minutes;

(8)     Claims concerning the use of informers to convict;

(9)     Constitutional errors in evidentiary rulings;

(10)    Jury instructions;

(11)    Claims of prejudicial statements by the trial judge;

(12)    Claims of prejudicial statements by the prosecutor;

(13)    Sufficiency of the evidence;

(14)    Severer sentence than expected; and

(15)    Excessive sentence.

The circuit court denied Petitioner relief by order entered on September 8, 2017. Preston County 16-C-166, Docket Number 33.

Petitioner appealed to the Supreme Court of Appeals of West Virginia on September 20, 2017.   Preston County 16-C-166, Docket Number 35.   Petitioner asserted that: (1) the jury instructions were erroneous; (2) the prosecutor made impermissible statements about Petitioner's trial testimony; (3) the State failed to disclose exculpatory evidence; (4) that he had ineffective assistance of trial counsel; (5) that the circuit court improperly denied habeas counsel to files held by the special prosecutor[3]; and (6) cumulative prejudice from the errors in the case.   The Supreme Court of Appeals affirmed the September 8, 2017, order of the Preston County Circuit

---

[3]  After trial but prior to sentencing, a special prosecutor was appointed because of a conflict. Police were investigating reports from an inmate that Petitioner was attempting to arrange the murder of the prosecuting attorney.  The circuit court placed documents related to that investigation under seal.

Court by Memorandum Decision issued March 6, 2019.

### C.   Instant Federal Habeas Petition

Petitioner raised four grounds for relief: (1) that there was no physical evidence presented at trial to support his conviction; (2) that the victim's trial testimony regarding digital penetration was insufficient to support his conviction: (3) that his trial counsel was ineffective by failing to obtain expert testimony at trial; and (4) that counsel who represented him at sentencing and on direct appeal did not raise ineffective assistance of counsel, or request a reconsideration.  ECF No. 1 at 6 – 13.  Petitioner acknowledged in his petition that he raised all four of these claims on direct appeal and in a prior habeas corpus proceeding.  Id. at 7, 9, 11 – 12, 14.[4]

### III.   LEGAL STANDARD

### A.   Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

---

[4]   But see petition, ECF No. 1 at 16, where Petitioner indicates that all grounds for relief raised herein have not been presented to the West Virginia Supreme Court of Appeals because his attorney did not timely act to raise those grounds despite his requests, and that he "was told that there was no err[or] in law" but that his lawyer was "just being lazy".

> Section 1915(d)[5] is designed largely to discourage the filing
> of, and waste of judicial and private resources upon,
> baseless lawsuits that paying litigants generally do not
> initiate because of the costs of bringing suit and because of
> the threat of sanctions for bringing vexatious suits
> under Federal Rule of Civil Procedure 11. To this end, the
> statute accords judges not only the authority to dismiss a
> claim based on an indisputably meritless legal theory, but
> also the unusual power to pierce the veil of the complaint's
> factual allegations and dismiss those claims whose factual
> contentions are clearly baseless.

490 U.S. at 327.

### B.   Petitions for Relief Under 28 U.S.C. § 2254

Title 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA"), authorizes a federal district court to entertain a petition

for habeas corpus relief from a prisoner in state custody, "on the ground that he is in

custody in violation of the Constitution or laws or treaties of the United States."   28

U.S.C. § 2254(a).   When determining the merits of a § 2254 petition, the district court

applies the standards set forth in § 2254(d), which provides that:

> An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State court
> shall not be granted with respect to any claim that was
> adjudicated on the merits in state court proceedings unless
> the adjudication of the claim--
>     (1) resulted in a decision that was contrary to, or involved
> an unreasonable application of, clearly established Federal
> law, as determined by the Supreme Court of the United
> States; or
>     (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light of the

---

[5]   The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."   As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

evidence   presented   in   the   State   court   proceeding.
28 U.S.C. § 2254(d)(1) and (2); see also Williams v. Taylor, 120 S.Ct. 1495 (2000).

A petitioner can only seek § 2254 relief if he has exhausted the remedies available in state court, the corrective process is not available in state court, or the state process is ineffective to protect the petitioner.  28 U.S.C. § 2254(b).

Moreover, the factual determinations by the state courts are presumed to be correct and are only rebutted upon presentation of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1).  Therefore, when reviewing a petition for habeas relief, the Federal Court uses a "highly deferential lens" mandated by the AEDPA.  DeCastro v. Branker, 642 F.3d 442, 449 (4th Cir. 2011).

A claim is generally considered to have been "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999).  The "contrary to" and "unreasonable application" clauses of § 2254)(1)(d) have separate and independent meanings. Williams v. Taylor, 529 U.S. 362, 364 (2000).  A state court decision warrants habeas relief under the "contrary to" clause "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to the Supreme Court's." Lewis v. Wheeler, 609 F.3d 291, 300 (4th Cir. 2010) (quoting Williams, 529 US at 405) (internal quotations omitted).  A writ of habeas corpus may be granted under the "unreasonable application" clause if the state court "identifies the correct governing legal rule from the [Supreme] Court's cases but unreasonably applies it to the facts of the

particular case." Id. at 300-01 (internal marks omitted).  Therefore, the AEDPA limits the habeas court's scope of review to the reasonableness, rather than the correctness, of the state court's decision.

### C.  Ineffective Assistance of Counsel

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court of the United States established a two-part test to determine whether counsel was constitutionally ineffective.  Under the first prong, Petitioner must demonstrate that his counsel's performance was deficient and "fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984).  But, "[j]udicial scrutiny of counsel's performance must be highly deferential" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense assistance after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. In addition, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. Id. at 689-90. There are no absolute rules for determining what performance is reasonable. See Hunt v. Nuth, 57 F.3d 1327, 1332 (4th Cir. 1995) (noting counsel's representation is viewed on the facts of a particular case and at the time of counsel's conduct).

Under the second prong, Petitioner must show that the deficient performance caused him prejudice. Strickland, 466 U.S. at 687. To show prejudice, Petitioner must show "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart v. Fretwell, 506 U.S. 364, 369 (1993) (quoting

Strickland, 466 U.S. at 687 (1984)).  Consequently, if counsel's errors have no effect on the judgment, the conviction should not be reversed. Strickland, 466 U.S. at 691.  The Fourth Circuit has recognized that, if a defendant "cannot demonstrate the requisite prejudice, [then] a reviewing court need not consider the performance prong" and vice versa.  Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992).

## IV.   ANALYSIS

Petitioner is not entitled to relief because he seeks the writ habeas corpus upon four grounds which have all previously been raised and decided either in the Circuit Court of Preston County, West Virginia, or the West Virginia Supreme Court of Appeals. Under the plain language of the statute—that a writ of habeas corpus shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings—all four of Petitioner's claims fail because those claims were previously raised and adjudicated on the merits in State court.  Further, not only were those claims decided in State court, Petitioner does not contend, nor does this Court find that those decisions were contrary to or involved an unreasonable application of Federal law.

Moreover, it is well settled that issues previously rejected on direct appeal may not be raised in a collateral attack.  Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (holding that the issues raised by petitioner "have been previously decided by this court, and therefore Boeckenhaupt will not be allowed to recast, under the guise of collateral attack, questions [already] fully considered by this court").  See also Herman v. United States, 227 F.2d 332 (4th Cir. 1955).

Grounds 1 and 2 concern the sufficiency of the evidence presented at Petitioner's trial.  Sufficiency of the evidence was previously addressed by the Supreme

Court of Appeals of West Virginia in its decision on direct appeal issued April 12, 2013. Court's Exhibit 1[6] at p. 2.  Although some of these issues are narrower in scope than those issues raised in the West Virginia Supreme Court of Appeals, nevertheless, that court found that there was sufficient evidence to support Petitioner's conviction. Specifically, in his direct appeal, Petitioner claimed that that the State failed to prove beyond a reasonable doubt that petitioner was acting as the victim's custodian or babysitter at the time of the alleged abuse.  The Supreme Court of Appeals rejected all of Petitioner's claims, including his claim that there was insufficient evidence to support his conviction.  Petitioner's claims raised herein encompass additional instances where he alleges the evidence was insufficient to support this conviction, however, those claims do not merit relief.  The sufficiency of the evidence was previously considered by the Supreme Court of Appeals and found to be without merit.

Further, Petitioner has not articulated any grounds that would support relief under the "contrary to" or "unreasonable determination" exceptions found in subparagraphs (1) and (2).  Petitioner has not shown any unreasonable application of federal law which occurred in the state proceedings in relation to the finding that there was sufficient evidence presented at trial to support his conviction.  Additionally, Petitioner does he allege that the state court's adjudication resulted in a decision based on an unreasonable determination of the facts.

Thus, under the plain language of § 2254, Petitioner's first two claims as to the sufficiency of the evidence have already been considered in State court and adjudicated on the merits, and do not meet either exception listed in the statute.  Further, pursuant to the holding of <u>Boeckenhaupt</u>, because those issues were previously rejected on

---

[6]  Court Exhibits 1 and 2 are filed under seal, to protect the privacy of the victim.

direct appeal, the same issues may not be raised in a collateral attack.  Moreover, the sufficiency of the evidence to support Petitioner's conviction has already been decided in state court.  The West Virginia Supreme Court of Appeals rejected Petitioner's claim of insufficiency and found there was sufficient evidence to support the jury's verdict. Accordingly, Petitioner's first and second claims for relief are without merit and should be denied.

Petitioner's ineffective assistance of counsel claims raised in grounds three and four are also without merit.  Petitioner's third ground which claims he received ineffective assistance of counsel at trial has already been addressed by the Supreme Court of Appeals.  Further, Petitioner acknowledges that he has previously raised that claim, and that it was previously adjudicated in state court.  ECF No. 1 at 12 – 13. Specifically, Petitioner claims his counsel was ineffective for failing to obtain expert testimony at trial.  However, both the trial court and the Supreme Court of Appeals addressed this issue.  In its March 6, 2019, memorandum decision which adopted and affirmed the lower court's decision, the Supreme Court of Appeals noted that "[t]he circuit court found trial counsel's failure to obtain any experts or investigators to assist in Petitioner's defense did not rise to the level of deficient performance."  Court's Exhibit 2 at p. 5.

As in his first and second grounds, in his third ground for relief Petitioner has failed to articulate any grounds that would support relief under the "contrary to" or "unreasonable determination" exceptions found in subparagraphs (1) and (2).  Petitioner has not shown that the state court's decisions were contrary to or involved an unreasonable application of federal law in relation to his ineffective assistance of

counsel claim.   Additionally, Petitioner does he allege that the state court's adjudication resulted in a decision based on an unreasonable determination of the facts. Accordingly, under the plain language of the statute, Petitioner's third claim has been considered and adjudicated on the merits in State court, thereby precluding relief under § 2254.

Finally, Petitioner's fourth claim, that his counsel at sentencing and on direct appeal was ineffective for failing to raise (a) the issue of ineffective assistance of counsel at trial and (b) to seek a reconsideration, is without merit.   Again, Petitioner concedes that he raised ineffective assistance of counsel claims in State court, and those claims were rejected.   ECF No. 1 at 13 – 14.   However, the documents reviewed by the undersigned clearly do not address whether counsel was ineffective on appeal. Accordingly, this claim is considered more fully.

Petitioner's fourth claim for relief asserts that his appellate counsel was ineffective when he failed to make arguments favored by Petitioner.   ECF No. 1 at 13 - 14.   However, the Supreme Court has long recognized that:

> When counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than through sheer neglect. See *Strickland*, 466 U.S., at 690, 104 S.Ct. 2052 (counsel is "strongly presumed" to make decisions in the exercise of professional judgment). That presumption has particular force where a petitioner bases his ineffective-assistance claim solely on the trial record, creating a situation in which a court "may have no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive." *Massaro v. United States*, 538 U.S. 500, 505, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003). Moreover, even if an omission is inadvertent, relief is not automatic. The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight.

Yarborough v. Gentry, 540 U.S. 1, 8, 124 S. Ct. 1, 5–6, 157 L. Ed. 2d 1 (2003).  "A defendant is bound by the tactical decisions of competent counsel."  Reed v. Ross, 468 U.S. 1, 13, (1984) (Citing Wainwright v. Sykes, 433 U.S. 72, 91, and n. 14 (1977); Henry v. Mississippi, 379 U.S. 443, 451 (1965)).

As to Petitioner's fourth claim, he is unable to meet the two-prong Strickland test to demonstrate that his counsel was ineffective on that ground.  Counsel made tactical decisions to argue some issues, to the exclusion of other issues favored by Petitioner. Those decisions are strongly presumed to have been made in the exercise of professional judgment, and accordingly, counsel's performance in this regard did not fall below an objective standard of reasonableness.  Moreover, there was no reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different.

Accordingly, Petitioner is not, under the plain language of the statute, entitled to relief under 28 U.S.C. § 2254(d).  Petitioner's first three claims were previously adjudicated on the merits in state court proceedings, both in the Circuit Court and in the Supreme Court of Appeals.  Pursuant to § 2254(d) such claims "shall not be granted." Additionally, Petitioner has not articulated any grounds that would support relief under the "contrary to" or "unreasonable determination" exceptions found in subparagraphs (1) and (2).  Petitioner has not shown any unreasonable application of federal law which occurred in the state proceedings, nor does he allege that the state court's adjudication resulted in a decision based on an unreasonable determination of the facts.  Instead, Petitioner merely raises three claims that he appears to have previously raised unsuccessfully in state court.  As to his fourth claim, Petitioner concedes that this issue

13

was previously considered and rejected in State court.   However, even when considered on the merits, the claim does not entitle Petitioner to relief, because it appears that his counsel exercised professional judgment in determining which claims to raise, and that there was no reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different.

Finally, when the Supreme Court of Appeals of West Virginia considered Petitioner's State habeas corpus appeal on the merits,[7] its denial of relief did not include any determination which is inconsistent with federal law or any decision of the Supreme Court of the United States.  Because Petitioner fails to demonstrate that the decision of the state court is contrary to, or involves an unreasonable application of, clearly established federal law as determined by the Supreme Court, or resulted in a decision that was based on an unreasonable determination of the facts, Petitioner has not established that he is entitled to relief pursuant to 28 U.S.C. §2254(d).

## V.   RECOMMENDATION

For the reasons set forth in this opinion, it is **RECOMMENDED** that the petition [ECF No. 1] for habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE**, which should thereafter be dismissed from the docket.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which**

---

[7] Even when a state court summarily rejects a claim and does not set forth its reasoning, the federal court reviews the record and clearly established Supreme Court law.  Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000), cert. denied, 534 U.S. 830 (2001).  However, the federal court must still "confine [its] review to whether the court's determination 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Id. at 158 (quoting Bacon v. Lee, 225 F.3d 470, 478 (4th Cir. 2000)).

**objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to **SEAL** Court Exhibit 1 and Court Exhibit 2 to protect the privacy of the victim in the underlying state court proceeding.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:     February 18, 2022

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE